UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HILARY A. BEST,

                Plaintiff,

-against-

DETECTIVE ALEXANDRU CRAIVAN
and NEW YORK CITY POLICE
DEPARTMENT,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
22-CV-4882 (NRM) (CHK)

**NINA R. MORRISON,** United States District Judge:

      Plaintiff Hilary A. Best filed this *pro se* action on August 13, 2022. ECF No. 1. On March 6, 2023, the Court granted Defendants' request to stay the proceeding during Plaintiff's ongoing criminal proceeding in state court. ECF No. 21. Since that time, Defendants have submitted regular status reports. ECF Nos. 23, 29, 31, 33, 35, 40, 49, 51, 56, 58, 60, 61, 62. The stay remains in effect. *See* Docket Entry Order dated 10/1/25. On October 1, 2025, Plaintiff filed letters and a motion for a preliminary injunction in which he requested the Court to enjoin further proceedings in the pending state criminal case. ECF Nos. 63-65. On October 3, 2025, Plaintiff filed an emergency motion for Temporary Restraining Order and Preliminary Injunction requesting that this Court issue an order "[s]taying all proceedings in said criminal case pending resolution of this federal action," ECF No. 66, and "enjoining the ongoing state prosecution," ECF No. 67 at 5.[1] He also filed an additional

---

[1] The page numbers placed by Plaintiff do not align with the page numbers assigned by the Electronic Case Filing System ("ECF"). The Court refers to the page numbers assigned by ECF.

1

"Emergency Application for Injunctive Relief" on October 3, 2025, again requesting a preliminary Preliminary Injunction. ECF No. 69 at 1. For the reasons that follow, the requests for a Temporary Restraining Order and Preliminary Injunction are denied.

Temporary restraining orders and preliminary injunctions are extraordinary remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). The standard for granting a TRO is the same as the standard governing preliminary injunctions. *Davis v. Mendoza*, No. 23-CV-5634 (LDH) (JRC), 2023 WL 5486246, at *1 (E.D.N.Y. Aug. 24, 2023). A party seeking injunctive relief through either a temporary restraining order or a preliminary injunction must "establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (internal quotations omitted); *see also Isaac v. Peace*, No. 23-CV-6275, 2023 WL 7352434 (HG), at *2 (E.D.N.Y. Oct. 11, 2023). The moving party must carry the burden of persuasion by a clear showing, and "[t]he district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consolidated Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005).

Plaintiff has no basis to obtain the injunction he seeks here. Under the abstention doctrine articulated in *Younger v. Harris*, federal courts may not interfere with pending state court criminal prosecutions, except upon a showing of "bad faith,

harassment, or any other unusual circumstance that would call for equitable relief." 401 U.S. 37, 54 (1971); *see also Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975) (finding an exception to *Younger* where "extraordinary circumstances render the state court incapable of fairly and fully adjudicating the federal issues before it" (internal quotation marks omitted)). The bad faith exception arises when "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Diamond "D" Construction Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). "A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Id.* "[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter." *Id.* at 197. The doctrine applies to claims for injunctive and declaratory relief. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (explaining that "where an injunction would be impermissible under [*Younger*], declaratory relief should ordinarily be denied as well").

In his motions, Plaintiff argues for application of exceptions to *Younger* abstention, alleging "bad faith harassment and extraordinary circumstances." ECF No. 67 at 5; *see also* No. 65 at 3; No. 69 at 3. He attaches documents showing that he was initially charged with Stalking in the Fourth Degree and two counts of Harassment in the Second Degree. ECF No. 65 at 7. He asserts that the complainant "knowingly made a false statement," "swearing that she sent me numerous emails demanding I stop contacting her." ECF No. 65 at 1, 3; ECF No. 67 at 2. Plaintiff

3

attaches an October 10, 2023 memorandum he received from the Assistant District Attorney stating that the complainant subsequently "clarified that while she told the Defendant numerous times in person she was not interested in his romantic pursuit, there is only one email from her to the Defendant indicating such." ECF No. 65 at 6. Plaintiff states: "Having had to admit that she lied about communications with me, the defendants, rather than dismiss the charges, sought to continue my prosecution in violation of numerous Penal Law provisions." ECF No. 67 at 3. Plaintiff also claims: "it is believed that my prosecution is being financed by my girlfriend's landlord, who wants her out, and that the rush to try and convict me is aimed at preventing me from [stopping] her illegal eviction proceeding." *Id.* However, Plaintiff provides no evidence to support this belief.

These factual allegations and unsupported statements of belief do not show that Plaintiff was singled out for prosecution or that his initial indictment "was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." Indeed, the prosecution acknowledged a factual mistake and brought a corrected, superseding indictment. The criminal proceeding is ongoing and Plaintiff can raise any constitutional claims or other challenges to the proceeding in that forum. As Plaintiff has failed to assert a valid exception to *Younger v. Harris*, this Court must abstain from interfering in his pending criminal prosecution.

As Plaintiff has neither made a showing of irreparable harm nor demonstrated a likelihood of success on the merits, his requests for a temporary restraining order

and a preliminary injunction, docketed at ECF No. 65 and ECF Nos. 66-69, are denied.  The stay remains in effect.

The Clerk of Court is respectfully requested to send a copy of this Order to Plaintiff and to mark the mailing on the docket.

SO ORDERED.

<u>*Nina R. Morrison*</u><br>NINA R. MORRISON<br>United States District Judge

Dated:     October 5, 2025
           Brooklyn, New York